# 23-1194

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

LINDA M. LESLIE, Regional Director of the Third Region
of the National Labor Relations Board for and on behalf
of the National Labor Relations Board,

Petitioner-Counter-Defendant-Appellant,

v.

STARBUCKS CORP.,

Respondent-Counter-Claimant-Appellee.

———————————

**On Appeal from the United States District Court for the Western
District of New York, 1:22-cv-00478-JLS (W.D.N.Y.)**

———————————

## APPELLANT'S SPECIAL APPENDIX

JENNIFER A. ABRUZZO
  *General Counsel*
PETER SUNG OHR
  *Deputy General Counsel*
RICHARD A. BOCK
  *Associate General Counsel*
NANCY E. KESSLER PLATT
  *Associate General Counsel*
RICHARD J. LUSSIER
  *Deputy Assoc. General Counsel*
DAWN L. GOLDSTEIN
  *Deputy Assoc. General Counsel*
ROBERT N. ODDIS
  *Assistant General Counsel*

LAURA T. VAZQUEZ
  *Deputy Assistant General Counsel*
KEVIN P. FLANAGAN
  *Deputy Assistant General Counsel*
PAUL A. THOMAS
  *Supervisory Trial Attorney*
DAVID P. BOEHM
  *Trial Attorney*
MADELINE Y. CORKETT
  *Trial Attorney*

NATIONAL LABOR RELATIONS BOARD
1015 HALF STREET, S.E., 4TH FLOOR
WASHINGTON, DC 20003
202-273-4202

# SPECIAL APPENDIX TABLE OF CONTENTS

Order and Expedited Discovery Schedule,
ECF 20 (June 27, 2022)……………………………………………..SA001

Discovery Order, ECF 39 (Sept. 7, 2022)………………...……………SA006

Discovery Order and Briefing Schedule,
ECF 49 (Sept. 23, 2022)…………………………………………….SA008

Decision and Order denying Motion for Reconsideration
ECF 57 (Oct. 12, 2022)…………………………………………...SA017

Order denying Motion to Quash and Motion for
Reconsideration, ECF 89 (Jan. 25, 2023)………………...………...SA023

Decision and Order, ECF 132 (Aug. 23, 2023) ……………………SA026

Text Order Dismissing the Petition,
ECF 136 (Aug. 24, 2023)……………………………………………SA037

Notice of Appeal, ECF 135 (filed Aug. 23, 2023) ……………………SA038

Decision and Order holding Counterclaim in Abeyance,
ECF 146 (Oct. 4, 2023)…………………………………………...…SA040

**FEDERAL RULES OF CIVIL PROCEDURE**

FRCP 26(c)…………………………………………………………...A-2

FRCP 34(a)…………………………………………………………..A-4

FRCP 37(b)(2)(A)…………………………………………………..A-4

FRCP 45……………………………………………………………..A-4

# NATIONAL LABOR RELATIONS ACT, 29 U.S.C. § 151 et. seq.

## National Labor Relations Act

Section 3(d) (29 U.S.C. § 153):.................................................................A-5

Section 7 (29 U.S.C. § 157):.....................................................................A-5

Section 8(a) (29 U.S.C. § 158(a)): ...........................................................A-5

Section 8(c) (29 U.S.C. § 158(c)): ............................................................A-6

Section 10(a) (29 U.S.C. § 160(a)): ..........................................................A-6

Section 10(c) (29 U.S.C. § 160(c)): ..........................................................A-7

Section 10(e) (29 U.S.C. § 160(e)):...........................................................A-7

Section 10(f) (29 U.S.C. § 160(f)): ...........................................................A-8

Section 10(j) (29 U.S.C. § 160(j)): ............................................................A-8

## Federal Rules of Civil Procedure

### <u>Federal Rules of Civil Procedure Rule 26(c)</u>

**(c) Protective Orders.**

**(1) *In General.*** A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in

an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

**(A)** forbidding the disclosure or discovery;

**(B)** specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

**(C)** prescribing a discovery method other than the one selected by the party seeking discovery;

**(D)** forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

**(E)** designating the persons who may be present while the discovery is conducted;

**(F)** requiring that a deposition be sealed and opened only on court order;

**(G)** requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

**(H)** requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

**(2)** *Ordering Discovery.* If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

**(3)** *Awarding Expenses.* Rule 37(a)(5) applies to the award of expenses.

# Federal Rules of Civil Procedure Rule 34(a)

**(a) In General.** A party may serve on any other party a request within the scope of Rule 26(b):

**(1)** to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:

# Federal Rules of Civil Procedure Rule 37(b)(2)(A)

*For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. . . .

# Federal Rules of Civil Procedure Rule 45

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

\* \* \*

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

## National Labor Relations Act

### Section 3(d) (29 U.S.C. § 153):

The General Counsel of the Board who shall be appointed by the President . . . shall exercise general supervision over all attorneys employed by the Board (other than administrative law judges and legal assistants to Board members) and over the officers and employees in the regional offices. [The General Counsel] shall have final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints under section 160 of this title, and in respect of the prosecution of such complaints before the Board, and shall have such other duties as the Board may prescribe or as may be provided by law.

### Section 7 (29 U.S.C. § 157):

Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 158(a)(3) of this title.

### Section 8(a) (29 U.S.C. § 158(a)):

It shall be an unfair labor practice for an employer—

(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 7 [section 157 of this title];

* * *

(3) by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization[;]

* * *

(4) to discharge or otherwise discriminate against an employee because he has filed charges or given testimony under this subchapter;

\* \* \*

(5) to refuse to bargain collectively with the representatives of his employees, subject to the provisions of section 159(a) of this title.

## Section 8(c) (29 U.S.C. § 158(c)):

The expressing of any views, argument, or opinion, or the dissemination thereof, whether in written, printed, graphic, or visual form, shall not constitute or be evidence of an unfair labor practice under any of the provisions of this subchapter, if such expression contains no threat of reprisal or force or promise of benefit.

## Section 10(a) (29 U.S.C. § 160(a)):

The Board is empowered, as hereinafter provided, to prevent any person from engaging in any unfair labor practice (listed in section 158 of this title) affecting commerce. This power shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, law, or otherwise: *Provided*, That the Board is empowered by agreement with any agency of any State or Territory to cede to such agency jurisdiction over any cases in any industry (other than mining, manufacturing, communications, and transportation except where predominantly local in character) even though such cases may involve labor disputes affecting commerce, unless the provision of the State or Territorial statute applicable to the determination of such cases by such agency is inconsistent with the corresponding provision of this subchapter or has received a construction inconsistent therewith.

## Section 10(c) (29 U.S.C. § 160(c)):

The testimony taken by such member, agent, or agency or the Board shall be reduced to writing and filed with the Board. Thereafter, in its discretion, the Board upon notice may take further testimony or hear argument. If upon the preponderance of the testimony taken the Board shall be of the opinion that any person named in the complaint has engaged in or is engaging in any such unfair labor practice, then the Board shall state its findings of fact and shall issue and cause to be served on such person an order requiring such person to cease and desist from such unfair labor practice, and to take such affirmative action including reinstatement of employees with or without back pay, as will effectuate the policies of this subchapter . . . .

## Section 10(e) (29 U.S.C. § 160(e)):

The Board shall have power to petition any court of appeals of the United States, or if all the courts of appeals to which application may be made are in vacation, any district court of the United States, within any circuit or district, respectively, wherein the unfair labor practice in question occurred or wherein such person resides or transacts business, for the enforcement of such order and for appropriate temporary relief or restraining order, and shall file in the court the record in the proceedings, as provided in section 2112 of Title 28. . . .

## Section 10(f) (29 U.S.C. § 160(f)):

Any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in or wherein such person resides or transacts business, or in the United States Court of Appeals for the District of Columbia, by filing in such a court a written petition praying that the order of the Board be modified or set aside. A copy of such petition shall be forthwith transmitted by the clerk of the court to the Board, and thereupon the aggrieved party shall file in the court the record in the proceeding, certified by the Board, as provided in section 2112 of Title 28. Upon the filing of such petition, the court shall proceed in the same manner as in the case of an application by the Board under subsection (e), and shall have the same jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper, and in like manner to make and enter a decree enforcing, modifying, and enforcing as so modified, or setting aside in whole or in part the order of the Board; the findings of the Board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall in like manner be conclusive.

## Section 10(j) (29 U.S.C. § 160(j)):

The Board shall have power, upon issuance of a complaint as provided in subsection (b) of this section charging that any person has engaged in or is engaging in an unfair labor practice, to petition any United States district court, within any district wherein the unfair labor practice in question is alleged to have occurred or wherein such person resides or transacts business, for appropriate temporary relief or restraining order. Upon the filing of any such petition the court shall cause notice thereof to be served upon such person, and thereupon shall have jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LINDA M. LESLIE, Regional
Director of the Third Region of
the National Labor Relations
Board for and on behalf of the
National Labor Relations Board,

                              Petitioner,

        v.

                                                22-CV-478 (JLS)

STARBUCKS CORPORATION,

                              Respondent.

## **ORDER**

Petitioner Linda M. Leslie and Respondent Starbucks Corporation have filed competing motions addressing the proper procedural path for this case.  In the Motion to Shorten Time and for an Expedited Hearing (Dkt. 2) and Motion to Determine Section 10(j) Injunction Petition on Basis of Affidavits and Documentary Evidence (Dkt. 3), Petitioner asks the Court to determine the merits of the petition as soon as possible, based on the evidence that Petitioner submitted, and without a hearing.[1]  Respondent cross-moved in opposition, asking the Court either to (1) stay this matter pending completion of the administrative hearing on the underlying alleged unfair labor practices, or (2) set a schedule for expedited discovery and schedule an evidentiary hearing.  Dkt. 14.

---

[1] Petitioner "does not seek a temporary restraining order."  Dkt. 2-1, at 1.

At the June 24, 2022 status conference to discuss scheduling, Petitioner stated that she opposed Respondent's discovery and stay requests, but clarified that she did not oppose Respondent submitting its own affidavits and documentary evidence. Respondent stated that it would need sixty days to submit such affidavits and evidence.

After studying the parties' submissions,[2] the Court grants, in part, and denies in part, each party's motions as follows. The Court settled on this approach after reviewing the procedural paths that other Section 10(j) cases have taken, which illustrate that the Court has the discretion to chart a path that gives it the information necessary to determine the petition and is fair to both sides under the circumstances of the particular case. *See, e.g., Kreisberg v. HealthBridge Mgmt., LLC*, 732 F.3d 131, 136 (2d Cir. 2013) (district court "tried the matter on the papers," where neither party objected and the NLRB had completed administrative proceedings); *Mattina ex rel. NLRB v. Kingsbridge Heights Rehab. & Care Ctr.*, 329 F. App'x 319, 322–23  (2d Cir. 2009) (the district court "acted within its discretion when it held hearings" to resolve the petition and "did not abuse its discretion in denying [Respondent]'s discovery requests"); *Paulsen v. CSC Holdings, LLC*, Civil Action No. 15-7054, 2016 WL 951535, at *2 & n.1 (E.D.N.Y. Mar. 8, 2016) (resolving petition based on the administrative record, affidavits, and accompanying exhibits);

---

[2] The Court has considered all papers filed by each party regarding the proper procedure, including Respondent's supplement to its cross-motion, which it filed this morning. *See* Dkt. 19.

SA002

*Fernbach ex rel. NLRB v. Raz Dairy, Inc.*, 881 F. Supp. 2d 452, 461 (S.D.N.Y. 2012) (resolving petition after oral argument before the administrative hearing began).[3]

The Court DENIES Respondent's request for a stay, but GRANTS its request for limited, expedited discovery. Discovery shall proceed accordingly as follows:

1. By **Tuesday, June 28**, Respondent shall file a proposed discovery order indicating, briefly, (a) what discovery it needs and why, (b) a list of deponents (*e.g.*, affiants and others who it may need testimony from) and why, (c) proposed time limits for each deposition, in hours, and (d) a proposed total aggregate deposition time, in hours;

2. By **Wednesday, June 29**, Petitioner shall respond to Respondent's proposed discovery order;

3. The Court will study the proposed order and response, and will issue a final discovery order by **Thursday, June 30**;

4. By **Friday, July 1**, Respondent shall serve all deposition notices on Petitioner, as well as on witnesses, if necessary and appropriate—with later service on witnesses permitted, if adequate notice given; and

5. Depositions may begin on **Tuesday, July 5**, and shall be completed by **Friday, July 29, at 5:00 p.m. EST**;

---

[3] Each of the district courts to handle similar cases recently allowed limited, expedited discovery and held hearings—with the District of Arizona court limiting each party to three hours of cross-examination and argument at the hearing. *See generally Overstreet v. Starbucks Corp.*, No. 2:22-cv-00676-JJT (D. Az.); *McKinney v. Starbucks Corp.*, No. 2:22-cv-02292-SHL-cgc (M.D. Tenn.).

The Court strongly encourages the parties to cooperate on scheduling depositions and resolving discovery disputes. If necessary, the parties may raise a discovery dispute with the Court by filing a letter. The Court will resolve any urgent discovery issues by phone, on the record.

The Court GRANTS, IN PART, Petitioner's motion to decide the petition on the papers—*e.g.*, affidavits, documentary evidence, and any deposition testimony submitted—provided that, if the Court decides live witness testimony is necessary on a particular topic or issue, it will receive such evidence on the date set for oral argument, and will so instruct the parties sufficiently in advance of that date.

Respondent shall file all opposition papers—including deposition testimony, affidavits, and documentary evidence—and its memorandum in opposition to the petition by **Friday, August 26**. Petitioner's reply brief is due by **Wednesday, September 7**. The parties shall appear *in person* for oral argument on **Thursday, September 15, at 10:00 a.m.**

The Court recognizes that it allowed Petitioner until Tuesday, June 28, to respond to Respondent's cross-motion and reply in further support of its own motion. Petitioner may file that submission, if she wishes, and the Court will consider it. The Court is confident that the procedure described in this order is the appropriate path forward and balances each party's rights; it will adjust this order

SA004

if any reply by Petitioner justifies doing so, but the parties shall proceed with the

presumption that this order stands.[4]

SO ORDERED.

*John L. Sinatra, Jr.*

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

Dated:      June 27, 2022
            Buffalo, New York

---

[4] The Court issues this order before the deadline for Petitioner's submission in light
of the quickly approaching deadlines set forth in this order, which the Court
selected consistent with Petitioner's request for expedited proceedings.

SA005

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LINDA M. LESLIE, Regional
Director of the Third Region of
the National Labor Relations
Board for and on behalf of the
National Labor Relations Board,

                              Petitioner,

    v.

                                                    22-CV-478 (JLS)

STARBUCKS CORPORATION,

                              Respondent.

## **ORDER**

After studying the parties' status reports (Dkt. 34; Dkt. 35) and hearing from the parties at a September 7, 2022 status conference, the Court orders as follows:

- The stay of this case, entered on June 30, 2022 (Dkt. 29), is lifted;

- The parties need not file status reports after the record in the administrative proceeding closes;

- Respondent shall answer the petition by September 14, 2022;

- Respondent shall serve any document subpoenas by September 9, 2022;

- Any motions to quash subpoenas are due by September 16, 2022;

- Responses to any motions to quash are due by September 21, 2022; and

- The parties shall appear for oral argument on any motions to quash and a status/scheduling conference on September 23, 2022, at 1:30 p.m.

SA006

At the September 23, 2022 appearance, the Court anticipates setting deadlines and dates for the following:

- Petitioner's omnibus brief/submission regarding issues, evidence, relief requested, and any necessary hearing witnesses;

- Respondent's responding omnibus brief/submission regarding issues, evidence, relief requested, and any necessary hearing witnesses;

- A pre-hearing status conference, at which the Court will, among other things, decide which witnesses (if any) will testify at a hearing; and

- Set any necessary hearing dates.

SO ORDERED.

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

Dated:      September 7, 2022
            Buffalo, New York

2

SA007

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LINDA M. LESLIE, Regional
Director of the Third Region of the
National Labor Relations Board for
and on behalf of the National Labor
Relations Board,

                              Petitioner,

        v.                                                    22-CV-478 (JLS)

STARBUCKS CORPORATION,

                              Respondent.

## **ORDER**

        In its September 7, 2022 order, the Court allowed Respondent to serve

document subpoenas and set deadlines for any motions to quash.  Dkt. 39.  The Court

received the following motions: (1) a motion to quash from non-party Workers United,

on behalf of Workers United representatives and current and former Starbucks

employees served with subpoenas (Dkt. 42); (2) a motion to quash from Workers

United, on behalf of the Workers United custodian of records served with a subpoena

(Dkt. 43); and (3) a motion to quash or, in the alternative, for a protective order, from

Petitioner, on behalf of all subpoenaed individuals (Dkt. 44).  Respondent opposed

each motion.  Dkt. 45; Dkt. 46; Dkt. 47.

        After studying the papers and hearing argument from the parties and movants

on September 23, 2022, the Court granted, in part, and denied, in part the motions

from the bench.  This order memorializes those rulings and sets a schedule for future filings and proceedings.

### I.  <u>Standing</u>

Petitioner has standing to move against the subpoenas because it has legitimate interests in objecting to the subpoena requests.  Petitioner may object to the subpoenas on privilege grounds under Federal Rule of Civil Procedure 45(d)(3)(A).  *See Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975).  And Petitioner may object to the subpoenas on undue burden grounds under Federal Rule of Civil Procedure 26(c)(1).  *See Noble Roman's, Inc. v. Hattenhauer Distribut. Co.*, 314 F.R.D. 304, 307 (S.D. Ind. 2016) ( "[A] party's objection that the time required of the non-party to comply with the subpoena would extend the period of production of documents . . . beyond the court's discovery deadline might be accorded substantial weight in a particular case." ).

### II.  <u>Motions to Quash and for a Protective Order</u>

The Court must quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or that "subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv).  And the Court may issue a protective order, for good cause, "to protect a party . . . from . . . undue burden or expense."  Fed. R. Civ. P. 26(c)(1).

Petitioner and Workers United objected to the subpoenas on privilege/protected matter grounds, arguing that the subpoenas requested documents protected by a union-employee privilege, the National Labor Relations Act ("NLRA"), the attorney-

client privilege, the work-product doctrine, and the deliberative process privilege.  The Court rejected the motions on privilege grounds, as raised in the motions—*i.e.*, the blanket claims of privilege to entire topics.  *See Hernandez v. Office of the Comm'r of Baseball*, 331 F.R.D. 474, 477 (S.D.N.Y. 2019) (union-employee privilege); *United States v. Electro-Voice, Inc.*, 879 F. Supp. 919, 923–24 (N.D. Ind. 1995) (attorney-client privilege, work-product protection, and deliberative process privilege); *D'Amico v. Cox Creek Refin. Co.*, 126 F.R.D. 501, 506 (D. Md. 1989) (NLRA protection).  *Cf. N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 216, 239–40 (1978) (analyzing NLRA protection in context of pre-administrative hearing FOIA request).

If anyone in the possession of responsive documents objects, in good faith, to the production of *specific documents* on a *specific, articulable privilege* ground—other than the union-employee-privilege[1]—they may do so following the proper procedure, including providing a particularized privilege log.

Petitioner and Workers United also objected to the subpoenas on undue burden grounds, arguing both that the requests impose an undue burden on the subpoenaed individuals, and that the requests are unduly burdensome in light of the administrative record, affidavits, and other evidence submitted in this case.

In the context of a Section 10(j) proceeding, the Court "may limit discovery to avoid unnecessary delay in this action's resolution."  *See Electro-Voice*, 879 F. Supp. at 923.  The Court exercised its discretion to do so here, and granted the motions to

---

[1] The Second Circuit does not recognize a union-employee privilege—at least not in this context.  *See Hernandez*, 331 F.R.D. at 477.

quash and for a protective order as to certain requests or portions of requests. In exercising this discretion, the Court balanced Respondent's need for the requested documents with Petitioner's need to proceed expeditiously (and the burden of subpoena compliance generally), in the context of the interim relief requested in this Section 10(j) proceeding. The Court's undue burden rulings are limited to Respondent's requests for documents and are without prejudice to Respondent asking any hearing witnesses questions about the topics covered by the requests, as appropriate.

For the above reasons, and for those stated more fully on the record on September 23, 2022, the Court GRANTED the motions to quash and for a protective order as to:

- Request 1(e);

- Request 1(g);

- Request 2;

- The portions of Request 4 that ask for:

  - "All Documents relating in any way to Communications the Union has had had or agents of the Union have had with Partners regarding information to be provided by Partners to any digital, print, radio, TV, internet-based or other media outlet concerning union organizing, union elections and other union related matters at Starbucks stores around the country"; and

4

- o "All Documents relating in any way to Communications the Union has had had or agents of the Union have had with Partners regarding information to be provided by Partners to any digital, print, radio, TV, internet-based or other media outlet concerning . . . any other matter relating to union organizing at, or alleged unfair labor practices by, Starbucks";

- The portions of Request 5 that ask for:
  - o "All Documents relating in any way to Communications the Union has had, including interviews, information provided to, and articles published by, any digital, print, radio, TV, internet-based or other media outlet concerning . . . union organizing, union elections and other union related matters at Starbucks stores around the country"; and
  - o "All Documents relating in any way to Communications the Union has had, including interviews, information provided to, and articles published by, any digital, print, radio, TV, internet-based or other media outlet concerning . . . and any other matter relating to union organizing at, or alleged unfair labor practices by, Starbucks";

- Request 6;

- Request 7;

- Request 8;

- Request 9;

- Request 10;

5

SA012

- Request 11;

- Request 12 to the individuals/Request 10 to the Workers United custodian of records;

- Request 14 to the individuals/Request 12 to the Workers United custodian of records;

- Request 18;

- Request 19;

- Request 20; and

- Request 21.

Also as stated above and on the record, the Court DENIED the motions to quash and for a protective order as to:

- Request 1(a);

- Request 1(b);

- Request 1(c);

- Request 1(d);

- Request 1(f), except that all names from the documents responsive to this request may be redacted; if information identifying the particular store at issue exists in the document, it shall remain unredacted, but the producing party need not add such information to any responsive documents;

- Request 3;

SA013

- The portions of Request 4 that ask for:
    - "All Documents relating in any way to Communications the Union has had had or agents of the Union have had with Partners regarding information to be provided by Partners to any digital, print, radio, TV, internet-based or other media outlet concerning union organizing, union elections and other union related matters involving the Buffalo stores and the Rochester store"; and
    - "All Documents relating in any way to Communications the Union has had had or agents of the Union have had with Partners regarding information to be provided by Partners to any digital, print, radio, TV, internet-based or other media outlet concerning . . . Starbucks' discipline and termination of Partners allegedly because of their union activities";
- The portions of Request 5 that ask for:
    - "All Documents relating in any way to Communications the Union has had, including interviews, information provided to, and articles published by, any digital, print, radio, TV, internet-based or other media outlet concerning union organizing, union elections and other union related matters involving the Buffalo stores and the Rochester store"; and
    - "All Documents relating in any way to Communications the Union has had, including interviews, information provided to, and articles published by, any digital, print, radio, TV, internet-based or other

7

SA014

> media outlet concerning . . . Starbucks' discipline and termination of Partners allegedly because of their union activities";

- Request 13 to the individuals/Request 11 to the Workers United custodian of records;

- Request 15 to the individuals/Request 13 to the Workers United custodian of records;

- Request 16 to the individuals/Request 14 to the Workers United custodian of records; and

- Request 17 to the individuals/Request 15 to the Workers United custodian of records.

## III.   <u>Scheduling Order</u>

The Court set the following deadlines and hearings:

- By **October 14, 2022**, responsive documents shall be produced and any privilege logs served.

- By **October 14, 2022**, Petitioner shall file her omnibus brief/submission regarding issues, with citations to evidence, relief requested, and—for evidentiary gaps only—any proposed hearing witnesses.  This submission shall identify such witnesses, propose topics that each witness would testify about, and estimate the length of such testimony.

- By **November 4, 2022**, Respondent shall file its omnibus brief/submission regarding issues, with citations to evidence, and—for evidentiary gaps only—any proposed hearing witnesses.  This submission

8

shall identify such witnesses, propose topics that each witness would testify about, and estimate the length of such testimony.

- The parties shall issue subpoenas to any proposed hearing witnesses in sufficient time for the witnesses to testify at the hearing dates set, should the Court allow them to testify.

- A pre-hearing status conference is set for **November 9, 2022, at 10:00 a.m.**, at which the Court will, among other things, decide which witnesses (if any) will testify at a hearing; and

- A hearing is set for **November 15, 16, and 17, 2022, at 9:30 a.m.**

SO ORDERED.

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

Dated:     September 23, 2022
           Buffalo, New York

SA016

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
OCT 1 2 2022
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

LINDA M. LESLIE, Regional
Director of the Third Region of
the National Labor Relations
Board for and on behalf of the
National Labor Relations Board,

                                        Petitioner,

        v.

                                                        22-CV-478 (JLS)

STARBUCKS CORPORATION,

                                        Respondent.

## DECISION AND ORDER

Last month, the Court set deadlines for limited document discovery.

Respondent Starbucks Corporation served document subpoenas on current and

former Starbucks employees and the custodian of records for Workers United.

Workers United, which agreed to accept service of the subpoenas on behalf of

Starbucks employees,[1] moved to quash the subpoenas issued to those employees and

to its custodian of records.  On September 23, 2022, the Court granted, in part, and

denied, in part, the motions to quash[2] and set deadlines for document production,

briefing on the petition, and a hearing at which the Court may allow the parties to

present testimony from certain witnesses.  Dkt. 49.

_____

[1] The Court recently granted Workers United permission to participate in this case
as *amicus curiae* to the extent of "filing a brief . . . , but . . . not present[ing] evidence
or participat[ing] in oral arguments or any hearing."  Dkt. 52, at 10.

[2] Petitioner Linda M. Leslie also moved to quash the subpoenas.  Dkt. 44.

In particular, the Court "rejected the motions [to quash] on privilege grounds, as raised in the motions—*e.g.*, the blanket claims of privilege to entire topics." *Id.* at 3.[3] But the Court allowed "anyone in the possession of responsive documents [who] objects, in good faith, to the production of *specific documents* on a *specific, articulable privilege* ground[,] . . . to do so following the proper procedure, including providing a particularized privilege log." *Id.* Because the Second Circuit does not recognize a union-employee privilege in this context, the Court cautioned against withholding documents on that basis. *See id.* at 3 & n.1 (citing *Hernandez v. Office of the Comm'r of Baseball*, 331 F.R.D. 474, 477 (S.D.N.Y. 2019)). The Court ordered production of responsive documents and service of any privilege logs by October 14, 2022. *Id.* at 8.

On October 7, 2022—two weeks after the Court's discovery order and a week before the deadline for document production—Workers United moved the Court to (1) reconsider its discovery order, or (2) certify the question of "whether the information that the discovery order requires [Workers United] to submit to [Respondent] is protected under the law," to facilitate an interlocutory appeal by Workers United. *See* Dkt. 53, at 1. Petitioner responded in support of Workers United's motion for reconsideration, for the reasons stated in her motion to quash the subpoenas (Dkt. 44), but took no position on Workers United's certification request or the unfair labor practice charge Workers United filed based on

---

[3] Unless otherwise noted, page references are to the numbering in the footer of each page and not to the numbering automatically generated by CM/ECF.

Respondent's subpoenas.  *See* Dkt. 55.  Respondent opposed Workers United's

motion in all respects.  *See* Dkt. 56.

For the reasons below, the Court denies Workers United's motion in full.

## DISCUSSION

### I.   Motion for Reconsideration

Workers United first asks the Court to reconsider the order granting, in part,

and denying, in part, its motions to quash subpoenas served on its custodian of

records and on current and former Starbucks employees.

A motion for reconsideration presents "an extraordinary request," and the

"standard for a district court to grant such a motion is strict."  *Smith v. CVS*

*Albany, LLC*, No. 20-4000, 2022 WL 3022526, at *1 (2d Cir. Aug. 1, 2022) (internal

citations, quotation marks, and alterations omitted).  Courts typically deny motions

for reconsideration "unless the moving party can point to controlling decisions or

data that the court overlooked—matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp.,*

*Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A court should not grant a motion for

reconsideration "where the moving party seeks solely to relitigate an issue already

decided."  *Id.*

Here, Workers United cites neither controlling decisions nor data that the

Court overlooked when ruling on the motions to quash and analyzing the privilege

question.  Workers United relies on the decisions it cited in its motions to quash—

NLRB decisions and distinguishable cases—none of which amounts to controlling

3

decisions overlooked by the Court.  The only arguably new data Workers United presents is the unfair labor practice charge it filed on October 5, 2022, based on Respondent's service of the subpoenas at issue here.  Workers United claims that, because it filed an unfair labor practices charge with the NLRB,[4] the NLRA preempts enforcement of Respondent's subpoenas.  But Workers United cites no authority to support that claim.  *See* Dkt. 53, at 4–5.

Because Workers United does not meet the standard that applies to motions for reconsideration, the Court denies that request.

## II.   Motion to Certify Question under 28 U.S.C. § 1292(b)

As an alternative to reconsideration, Workers United asks the Court to certify, pursuant to 28 U.S.C. § 1292(b), "the question of whether the information at issue is protected under the law," so it can file an interlocutory appeal of the discovery order to the Second Circuit.  Dkt. 53, at 1, 4.

A district court may so certify when it is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  The Second Circuit has "urged . . . district courts to exercise great care in making a

---

[4] The Court notes that Workers United filed this charge 25 days after Respondent issued the subpoenas, 13 days after the Court's order on the motions to quash, and 2 days before this motion for reconsideration.

4

§ 1292(b) certification." *Westwood Pharms., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992).

Workers United does not meet the Section 1292(b) standard. Assuming that Workers United raises a controlling question of law,[5] the Court cannot conclude that there exists substantial ground for a difference of opinion regarding that question—especially because Workers United cites no cases from this circuit or in this context to support its position.

Nor can the Court conclude that an immediate appeal may materially advance the termination of this litigation, in light of the safeguards imposed regarding subpoena compliance. In particular, the Court's discovery order imposes significant limits on document production designed to address Workers United's concerns, including quashing numerous document requests, paring down other requests, allowing redactions, and providing the opportunity to submit privilege logs through which Respondent and (if necessary) the Court may address privilege objections as to specific documents. *See* Dkt. 49. The Court's order does not, as Workers United seems to suggest, order unfettered document production.

For these reasons, the Court denies Workers United's alternative request for certification under 28 U.S.C. § 1292(b).

---

[5] For purposes of this decision and order only, the Court assumes that Workers United raises such a question.

SA021

## <u>CONCLUSION</u>

For these reasons, the Court denies, in full, Workers United's motion for

reconsideration and certification under 28 U.S.C. § 1292(b) (Dkt. 53).


SO ORDERED.

_____

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

Dated:        October 12, 2022
              Buffalo, New York

6

SA022

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



LINDA M. LESLIE, Regional
Director of the Third Region of
the National Labor Relations
Board for and on behalf of the
National Labor Relations Board,

<div style="text-align:center">Petitioner,</div>

    v.

<div style="text-align:center">22-CV-478 (JLS)</div>

STARBUCKS CORPORATION,

<div style="text-align:center">Respondent.</div>

<div style="text-align:center"><strong><u>ORDER</u></strong></div>

Petitioner Linda M. Leslie moved, alternatively, (1) to quash subpoenas,
(2) for reconsideration or relief under Federal Rule of Civil Procedure 60,[1] or (3) to
certify a question for appeal under 28 U.S.C. § 1292(b).[2] Dkt. 79. Respondent
Starbucks Corporation opposed Petitioner's motion in all respects (Dkt. 87), and
Petitioner replied (Dkt. 88).

---

[1] *See Smith v. CVS Albany, LLC*, No. 20-4000, 2022 WL 3022526, at *1 (2d Cir. Aug.
1, 2022) (motions for reconsideration present "extraordinary requests[s]," and the
"standard for . . . grant[ing] such a motion is strict") (internal citations, quotation
marks, and alterations omitted); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d
Cir. 1995) (motions for reconsideration typically denied "unless the moving party
can point to controlling decisions or data that the court overlooked—matters, in
other words, that might reasonably be expected to alter the conclusion reached by
the court").

[2] *See Westwood Pharms., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d
Cir. 1992) (Second Circuit "urged . . . district courts to exercise great care in making
a § 1292(b) certification").

Underlying Petitioner's motion are the document subpoenas Respondent served in September 2022, and that the parties and subpoenaed individuals have been litigating since. This Court already has carefully balanced—both explicitly and implicitly—all of the competing fairness and confidentiality concerns Petitioner and Respondent raise here. *See* Dkt. 49 (order memorializing decision on motions to quash); Dkt. 51 (transcript of argument and bench decision on motions to quash); Dkt. 57 (decision and order denying Workers United's motion for reconsideration or to certify a question for appeal); *see also* Dkt. 53 (Workers United's motion for reconsideration or to certify a question for appeal). Even balancing these competing concerns anew based on the parties' current papers and cited authority, the Court denies Petitioner's motion. Moreover, a contrary result would shield from disclosure, for example, communications that may directly bear on the Section 10(j) merits issues, such as a chilling effect arising from a person, entity, or source other than Respondent. The law does not justify non-disclosure of such information.

Nor does Petitioner's motion raise "a controlling question of law as to which there is substantial ground for difference of opinion" to warrant certification under Section 1292(b). 28 U.S.C. § 1292(b); *see, e.g., Kinzer v. Whole Foods Mkt., Inc.*, No. 20-cv-11358-ADB, 2022 WL 119109, at *2 (D. Mass. Jan. 12, 2022) (collecting cases), *appeal docketed*, No. 22-1064 (1st Cir. Jan. 25, 2022).

SA024

For these reasons, the Court denies Petitioner's motion (Dkt. 79), in its

entirety.

SO ORDERED.

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

Dated:        January 25, 2023
              Buffalo, New York

3

SA025

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



LINDA M. LESLIE, Regional
Director of the Third Region of
the National Labor Relations
Board for and on behalf of the
National Labor Relations Board,

                        Petitioner,

     v.                                 22-CV-478 (JLS)

STARBUCKS CORPORATION,

                        Respondent.

---

### **DECISION AND ORDER**

In this proceeding, the National Labor Relations Board (the "NLRB") seeks

an injunction under Section 10(j) of the National Labor Relations Act, 29 U.S.C.

§ 160(j).

Currently before the Court are three motions: (1) the NLRB's motion to stay

the proceeding in this Court pending further administrative proceedings on its

*Guess?* complaint or, alternatively, for reconsideration of this Court's discovery

order to conform to the ALJ's decision on the *Guess?* complaint; (2) the union's

motion for reconsideration of the discovery order to conform to the ALJ's decision on

the *Guess?* complaint,[1] to stay enforcement of the discovery order until Starbucks

complies with ALJ Muhl's decision on the *Guess?* complaint or, alternatively, to

---

[1] One form of this reconsideration request asks the Court to quash the subpoenas in
their entirety.

certify the question whether the discovery order should be enforced in light of ALJ Muhl and ALJ Rosas's decisions; and (3) Starbucks' motion to lift the abeyance on its motion for contempt/sanctions, to grant its petition for a writ of injunction or, alternatively, to dismiss the NLRB's 10(j) petition.

Ultimately, the NLRB asks this Court to issue a 10(j) injunction on the record before it, insisting that the Court has no need for—and no right to see—the subpoenaed documents. In other words, the NLRB, as Petitioner, attempts to adjudicate for itself the scope of proper discovery in this 10(j) proceeding, notwithstanding this Court's existing discovery order resolving that very issue. This, Petitioner cannot do.

## I.   <u>Governing Rules</u>

A 10(j) injunction "is an extraordinary remedy." *Kreisberg v. Healthbridge Mgmt., LLC*, 732 F.3d 131, 141 (2d Cir. 2013). A court deciding whether such an injunction is "just and proper" applies traditional "equitable principles 'in the context of federal labor laws.'" *Id.* at 141, 143 (citation omitted). Such injunctive relief is "just and proper," under the statute, when it is necessary to prevent irreparable harm or to preserve the status quo. *Id.* at 142.

Relevant to this "just and proper" analysis is whether the employer—or the union or someone else—is responsible for chilling organizing activity. In the recent Sixth Circuit case involving Starbucks, that court recognized (as have other circuit courts) that chill causation, if supported by record evidence, could be a factor in the "just and proper" analysis. *McKinney v. Starbucks Corp.*, No. 22-5730, --- F.4th ---,

SA027

2023 WL 5030110, at \*6–\*7 (6th Cir. Aug. 8, 2023) (but concluding that there was no evidence of inappropriate union conduct documented in the record) (citing *Arlook v. S. Lichtenberg & Co., Inc.*, 952 F.2d 367, 374 (11th Cir. 1992) ("To justify the denial of § 10(j) equitable relief on the basis of inappropriate union conduct . . . , the conduct must be documented in the record.")).  *See also Overstreet v. El Paso Elec. Co.*, 176 F. App'x 607, 609–10 (5th Cir. 2006) (distinguishing *Arlook*, and citing "other evidence [in the record] demonstrat[ing] that the Union publicized [the employee]'s firing and, in so doing, inculcated the air of intimidation").  These decisions are consistent with the idea that, if a union (or others acting in cooperation with a union) created a narrative that itself had a "chilling effect" on organizing activities, such conduct should not be attributed to the employer.

## II.    **Background**

In the instant case, the NLRB came to this Court seeking a 10(j) injunction that would enjoin Starbucks from various claimed unfair labor practices during the pendency of its underlying administrative case.  Eleven months ago, after considering all written and oral argument on the point, the Court issued the discovery order, which permitted certain items of discovery subpoenaed by Starbucks relevant to the question whether such an injunction would meet the statutory "just and proper" requirement.

In the discovery order, the Court addressed the union's motion to quash the subpoenas, as well as Petitioner's similar motion and motion for a protective order.  *See* Dkt. 49.  The Court rejected the blanket privilege/protected matter arguments,

SA028

set forth a process for articulating any specific privilege concerns, and addressed the undue burden arguments on a request-by-request basis. Ultimately, the Court quashed some document requests, while allowing others, including those that might bear on the issue whether a person or entity other than Starbucks had a role in causing a chill of organizing activities.

Chill causation could prove to be an important factor in this 10(j) proceeding. And that possibility was an animating reason for the discovery order. In other words, to decide whether an injunction is "just and proper," the Court must know and consider whether the chill complained of is attributable to those other than Starbucks. *See McKinney*, --- F.4th ---, 2023 WL 5030110, at *6–*7; *Arlook*, 952 F.2d at 374; *Overstreet*, 176 F. App'x at 609–10. Any chill attributable to others may narrow or limit the scope of any injunction against Starbucks. As such, the employer must have an opportunity, in the 10(j) proceeding, to obtain documents that may shed light on this relevant issue.

The Court had set an October 2022 deadline for the production of subpoenaed documents and/or any privilege logs. In the meantime, the Court had set a schedule for the ultimate determination of the injunction issue after a scheduled hearing. *See* Dkt. 49, at 8–9. But no one produced the subpoenaed documents or any privilege logs, and the hearing never happened.

Instead, Petitioner commenced another administrative case—this one without precedent—alleging that the Court-approved subpoenas issued by Starbucks were themselves unfair labor practices (the "*Guess?* Complaint"). In the

4

meantime, Petitioner and the union petitioned the Second Circuit for relief, which that court rejected on procedural grounds. *See* Dkt. 79.

Petitioner moved forward with its administrative *Guess?* Complaint, which resulted in a decision from the NLRB's ALJ. The ALJ recognized that the administrative complaint was unprecedented. *See* Dkt. 117-2, at 7 ("To my knowledge, this is the first Board case involving this factual situation"—*e.g.*, where "the General Counsel is a party in the separate proceeding while simultaneously prosecuting alleged unfair labor practices arising out of that proceeding."). The ALJ also recognized that Petitioner and the union were "utilizing th[e] unfair labor practice case [before him] to effectively challenge the district court's discovery rulings," citing the fact that the union "waited until after the district court's adverse discovery order" to file the unfair labor practice charge. *Id.* And the ALJ acknowledged that Petitioner and the union were "using *Guess?* not just as a shield to protect employee confidentiality interests, but as a sword to weaken Respondent's 10(j) defense and obtain an injunction." *Id.*

Nevertheless, the ALJ ruled against Starbucks, and against nearly all of the subpoena requests approved by this Court, while conceding the relevance of some of them. The ALJ's remedy includes forcing Starbucks to withdraw the subpoena requests approved by this Court and all efforts to enforce them.

### III. <u>Analysis</u>

Successful thus far in its own tribunal, the NLRB now seeks to have this Court decide the 10(j)-injunction proceeding without the benefit of Court-ordered

SA030

documents that the NLRB and the union do not want Starbucks or this Court to see.  In sum, then, compliance with the discovery order and the subpoenas, as limited and authorized by the Court, has not occurred.  The union has refused to comply, and the NLRB has enabled that obstruction.

The NLRB essentially posits that this Court nevertheless should: (1) enjoin an employer without giving that employer a fair opportunity to defend itself; (2) endorse this hide-the-ball tactic and decide the matter without the benefit of certain "just and proper" evidence; and (3) abide the NLRB's own determination of what discovery might be permissible in a proceeding it commenced before this Court.  Such conduct, by a government petitioner, should not be tolerated by this Court.

Federal courts have dismissed NLRB proceedings seeking interim relief for failure to comply with court discovery orders.  In one involving the NLRB's request for relief under 10(l),[2] the district court saw "no reason why normal discovery limited to the issues raised by the petition for an injunction should not be required" because "[n]either the Federal Rules nor any statute exclude[d] . . . 10(l) proceedings therefrom."  *Madden*, 229 F. Supp. at 492.  The court dismissed the proceeding because the petitioner, a Regional Director for the NLRB, failed to comply with the court's orders to answer certain deposition questions.  *See id.*

---

[2] In that case, the Court cited a 10(j) case to support its conclusion, recognizing that the facts presented were similar. *Madden v. Milk Wagon Drivers Union*, 229 F. Supp. 490, 492 (N.D. Ill. 1964).

6

Likewise, the Tenth Circuit affirmed dismissal of a 10(l) proceeding, where the district court ordered production of certain documents after deciding a motion to quash the subpoena. *See Sperandeo v. Milk Drivers and Dairy Emps.*, 334 F.2d 381, 384–85 (10th Cir. 1964). The court stated that the proceeding "was brought by the [petitioner] in his official governmental capacity, [but] he [was] in no different position than any ordinary litigant and [was], therefore, bound by the provisions of the Federal Rules of Civil Procedure in the same respects as any ordinary litigant." *Id.* at 384. In other words, "[t]he Government as a litigant is . . . subject to the rules of discovery." *Id.* (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 (1958)) (internal quotation marks omitted).

As to the NLRB's position that it could decide privilege questions for itself, the court said: "It is for the Court, and not the governmental agency or the executive branch, to determine whether documents sought to be withheld under a claim of privilege are entitled to protection of that privilege." *Id.* at 384. The court noted that the NLRB sought relief in "an equitable action in which the maxims of equity are fully applicable" and that, "under the express terms of the statute[,] the [district] court ha[d] the discretionary power to issue or deny an injunction." *Id.* at 385. As a result, when the NLRB "refused to produce the documents in response to the court's order, the court properly . . . dismissed the case." *Id. Cf. N.L.R.B. v. Modern Drop Forge Co.*, No. 96-3735, 1997 WL 120572, at *1–*3 (7th Cir. Mar. 14, 1997) (recognizing that, on a proper record, dismissal of a 10(j) proceeding for

refusal to comply with court-ordered discovery might be proper, and noting that the court could not resolve the privilege issue on appeal in the abstract).

The same is true here. The NLRB—Petitioner in this 10(j) proceeding—may not decide for itself what discovery is permissible. The NLRB nevertheless has elected to thwart the Court's discovery order, using the *Guess?* Complaint to re-litigate the discoverability of documents already addressed by this Court. This approach is without precedent in the 10(j) context and without any basis in statute or caselaw. Petitioner knew that, yet proceeded anyway.

The D.C. Circuit captured the equitable principles involved here when addressing an ALJ's refusal to permit a subpoena in an unfair labor practice proceeding: "The proceeding is . . . a complaint pressed by the Board itself against the party who asserts the need for the testimony. It is *repugnant* to notions of fairness for the government to seek sanctions for alleged wrongdoing while withholding from the proceeding evidence that would demonstrate innocence." *Drukker Comm'cns, Inc. v. N.L.R.B.*, 700 F.2d 727, 733 (D.C. Cir. 1983) (Scalia, J., for the Court) (emphasis added).

It is repugnant here as well. Thus, given these facts and the caselaw above, dismissal of the 10(j) petition is required—unless Petitioner certifies, by September 1, 2023, that she has terminated all efforts to impede or frustrate this Court's discovery order, including by termination of the *Guess?* proceeding.

This opportunity for Petitioner to remedy the issue aligns with the principles in Federal Rule of Civil Procedure 37 and corresponding caselaw, and allows

SA033

Petitioner to avoid dismissal.  Before dismissing a case under Rule 37, courts "may consider: '(1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance.'" *Shcherbakovskiy v. Seitz*, 450 F. App'x 87, 88 (2d Cir. 2011) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)) (alterations omitted).  These factors provide guideposts for a court considering dismissal; the court need not count every factor against the non-compliant party to dismiss the case.  *See id.*  And the court need not impose lesser sanctions before dismissal, if dismissal is appropriate on the record.  *See id.*[3]

In this case, if Petitioner does not certify that she has terminated all efforts to impede or frustrate this Court's discovery order, as explained above, dismissal is appropriate.  In particular, as ALJ Muhl recognized, commencing the *Guess?* proceeding was an intentional effort to evade compliance with this Court's discovery order.  Nor are there effective lesser sanctions, as indicated by the repeated efforts, in this forum and others, to obtain relief from the discovery order.[4]  Moreover,

---

[3] Rule 37 dismissal applies equally to cases involving a government-entity party, as long as the court follows the prescribed procedure.  *See Ingalls Shipbuilding, Inc. v. United States*, 857 F.2d 1448, 1454–55 (Fed. Cir. 1988) (concluding that dismissal under Rule 37 of the Rules for the U.S. Court of Federal Claims, which mirror the Federal Rules of Civil Procedure, was not appropriate because the government did not have specific notice of the court's discovery order or the opportunity to comply with the order).

[4] To the extent that Starbucks' contempt/sanctions motion could be viewed as a potential lesser sanction, it would not be effective.  That motion relates to the noncompliance of the subpoenaed nonparties.  So, even if the Court were to hold the

Petitioner issued the *Guess?* Complaint on December 15, 2022, and has persisted in that proceeding since that time, so the duration of noncompliance is lengthy. *See* Dkt. 71-1. And finally, the Court is now providing Petitioner notice through this decision and order. Under these circumstances, dismissal is appropriate. *See Shcherbakovskiy*, 450 F. App'x at 88–89 (affirming dismissal after considering four factors); *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365–68 (2d Cir. 1991) (affirming dismissal as to one party after considering Rule 37 principles).

## CONCLUSION

In sum, as discussed above, and for the additional reasons discussed on the record today, the Court:

1. DENIES the motions by Petitioner and the union to reconsider the discovery order in light of ALJ Muhl's decision on the *Guess?* Complaint;

2. DENIES the motions to stay by Petitioner and the union;

3. DENIES the union's request to certify the question whether the subpoenas should be enforced in light of ALJs Rosas and Muhl's decisions under 28 U.S.C. § 1292(b);

4. DENIES, without prejudice, Respondent's request for an injunction;

5. DENIES, without prejudice, Respondent's motion to lift the abeyance on its contempt/sanctions motion; and

---

subpoenaed nonparties in contempt, the issue of the NLRB's *Guess?* proceeding would persist.

SA035

6. GRANTS Respondent's motion to dismiss the petition, unless Petitioner

   certifies, by CM/ECF filing on or before September 1, 2023, that she has

   terminated all efforts to impede or frustrate the discovery order, including

   termination of the *Guess?* proceeding.


SO ORDERED.

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE


Dated:       August 23, 2023
             Buffalo, New York

11

SA036

| | | |
|---|---|---|
| 08/23/2023 | <u>132</u> | DECISION AND ORDER that Court DENIES the motions by Petitioner and the union to reconsider the discovery order in light of ALJ Muhl's decision on the *Guess?* Complaint; DENIES the motions to stay by Petitioner and the union; DENIES the union's request to certify the question whether the subpoenas should be enforced in light of ALJs Rosas and Muhl's decisions under 28 U.S.C. § 1292(b); DENIES, without prejudice, Respondent's request for an injunction; DENIES, without prejudice, Respondent's motion to lift the abeyance on its contempt/sanctions motion; and GRANTS Respondent's motions to dismiss the petition, unless Petitioner certifies, by CM/ECF filing on or before September 1, 2023, that she has terminated all efforts to impede or frustrate the discovery order, including termination of the *Guess?* proceeding. Signed by Hon. John L. Sinatra, Jr. on 8/23/2023.<br><br><span style="color:red">Please note: This docket entry does not contain every detail of this order. It is your responsibility to read and download the pdf of this document for reference.</span> (KLH) (Entered: 08/23/2023) |
| 08/23/2023 | 133 | Minute Entry for proceedings held before Hon. John L. Sinatra, Jr.: Oral argument held on 8/23/2023. After hearing argument, Court rules on <u>106</u> Motion to Stay filed by Linda M. Leslie, <u>108</u> Motion for Reconsideration filed by Workers United, <u>109</u> Motion to Dismiss/Motion to Lift Abeyance on Motion for Sanctions and Petition for Writ of Injunction or, in the Alternative, Motion to Dismiss 10(j) Petition filed by Starbucks Corporation. Court's written decision is read into the record and filed on the docket at Dkt. #132.<br><br>Appearances. For Petitioner: Jessica Cacaccio and David Boehm. For Movant: Ian Hayes and Michael Dolce. For Respondent: David Kadela, Jeffrey Hiller, and Adam Tuzzo. (Court Reporter Bonnie Weber) (KLH) (Entered: 08/23/2023) |
| 08/23/2023 | <u>134</u> | NOTICE by Linda M. Leslie re <u>132</u> Order,,,,, Terminate Motions,,,, *with respect to ongoing administrative proceedings* (Boehm, David) (Entered: 08/23/2023) |
| 08/23/2023 | <u>135</u> | NOTICE OF APPEAL as to <u>132</u> Order, by Linda M. Leslie. Appeal Record due by 9/6/2023. Fee Status: Waived (Boehm, David) Modified on 8/24/2023 (CGJ). (Entered: 08/23/2023) |
| 08/24/2023 | | Pursuant to Local Rule 12.1 of the US Court of Appeals for the Second Circuit, Forms C and D must be completed within 14 days after the filing of a notice of appeal. Forms C and D can be obtained at www.ca2.uscourts.gov. (CGJ) (Entered: 08/24/2023) |
| 08/24/2023 | | Within 14 days of filing the Notice of Appeal, the appellant is required to electronically file with the District Court an index of filed documents it wishes the Court of Appeals to consider, called Designation of Record on Appeal. After receipt, the Clerks Office will certify and transmit the index to the Circuit. (CGJ) (Entered: 08/24/2023) |
| 08/24/2023 | 136 | TEXT ORDER. For the reasons set forth in the August 23, 2023 decision and order (Dkt. 132), and in light of Petitioner's certification (Dkt. 134), the petition is dismissed. SO ORDERED. Issued by Hon. John L. Sinatra, Jr. on 8/24/2023. (KEF) (Entered: 08/24/2023) |
| 08/24/2023 | 137 | TEXT ORDER. In light of the order dismissing the petition (Dkt. 136), the parties shall address what ought to be the next steps, if any, regarding Respondent's counterclaim according to the following schedule. Simultaneous submissions from each party are due by 9/8/2023. Responses are due by 9/22/2023. Replies, if any, are due by 9/29/2023. This briefing schedule is not intended to address the merits or propriety of the counterclaim. SO ORDERED. Issued by Hon. John L. Sinatra, Jr. on 8/24/2023. (KEF) (Entered: 08/24/2023) |
| 08/28/2023 | <u>138</u> | DESIGNATION of Record on Appeal by Linda M. Leslie re <u>135</u> Notice of Appeal CLERK TO FOLLOW UP (Boehm, David) (Entered: 08/28/2023) |
| 08/29/2023 | <u>139</u> | CLERKS CERTIFICATE filed and electronically sent to Court of Appeals re <u>138</u> DESIGNATION of Record on Appeal (CGJ) (Entered: 08/29/2023) |
| 08/30/2023 | <u>140</u> | Amended transcript filed, see document <u>141</u> for correct version. NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings, held on August 23, 2023, before District Judge, the Honorable John L. Sinatra, Jr. Court Reporter/Transcriber Bonnie Weber, Bonnie_Weber@nywd.uscourts.gov. Transcript may be viewed at the court |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

LINDA M. LESLIE, Regional Director     :
 of Region 3 of the National Labor     :
Relations Board, for and on behalf of     :
the NATIONAL LABOR RELATIONS     :
BOARD,     :
    :
         Petitioner,     : Case No. 1:22-cv-478-JLS
    :
v.     :
    :
STARBUCKS CORPORATION,     :
    :
         Respondent,     :
    :
v.     :
    :
LINDA M. LESLIE,     :
    :
         Counterclaim Defendant.     :

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that Petitioner Linda M. Leslie, Regional Director for

the Third Region of the National Labor Relations Board, for and on behalf of the

National Labor Relations Board, appeals to the United States Court of Appeals for

the Second Circuit from the Decision and Order, [ECF 132], entered on August 23,

2023 by the United States District Court for the Western District of New York, Hon.

John L. Sinatra, Jr., U.S.D.J., dismissing the Board's petition for a preliminary

injunction under § 10(j) of the National Labor Relations Act, 29 U.S.C. § 160(j).

SA038

Respectfully submitted,

DAWN L. GOLDSTEIN
*Deputy Associate General Counsel*

PAUL A. THOMAS
*Supervisory Attorney*

/s/ David P. Boehm
David P. Boehm
*Trial Attorney* (D.C. Bar 1033755)
National Labor Relations Board
1015 Half Street, S.E.
Washington, D.C. 20003
(202) 273-4202
david.boehm@nlrb.gov

Dated: August 23, 2023 at Washington, D.C.

SA039

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LINDA M. LESLIE, Regional
Director of the Third Region of the
National Labor Relations Board for
and on behalf of the National Labor
Relations Board,

                                    Petitioner,

v.                                                                22-CV-478 (JLS)

STARBUCKS CORPORATION,

                                    Respondent.

_____

## ORDER

At the Court's direction, the parties "address[ed] what ought to be the next steps,

if any, regarding Respondent's counterclaim." *See* Dkt. 137. The Court has reviewed

and considered the parties' respective positions. *See* Dkt. 143; Dkt. 144; Dkt. 145. In

light of the issues on appeal, and in the interests of judicial economy, all issues related

to Respondent's counterclaim—including, but not limited to, a responsive pleading

regarding Respondent's counterclaim and Respondent's motion for leave to file a

supplemental pleading and add parties (Dkt. 126)—are held in abeyance pending

resolution of that appeal.  If any of this, in fairness, must be addressed sooner to

prevent prejudice to any party, the Court will entertain a motion on that issue.

SO ORDERED.

Dated:      October 4, 2023
            Buffalo, New York

                                                _____
                                                JOHN L. SINATRA, JR.
                                                UNITED STATES DISTRICT JUDGE

SA040

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2023, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the CM/ECF system.  I certify further that the foregoing document was served on all parties or their counsel of record through the appellate CM/ECF system.

<div style="margin-left: 40%">

s/ David P. Boehm
David P. Boehm
Attorney
National Labor Relations Board
1015 Half Street, SE
Washington, DC 20570
(202) 273-4202

</div>

Dated at Washington, DC
this 19th day of October 2023